# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of P. Michael DuPree, Respondent.

Appellate Case No. 2021-001483

---

Opinion No. 28090
Submitted March 24, 2022 – Filed April 13, 2022

---

## DEFINITE SUSPENSION

---

Disciplinary Counsel John S. Nichols and Assistant
Disciplinary Counsel Julie K. Martino, both of Columbia,
for the Office of Disciplinary Counsel.

O. Grady Query, of Query Sautter & Associates, LLC, of
Charleston, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a definite suspension ranging from six to nine months.  We
accept the Agreement and suspend Respondent from the practice of law in this
state for nine months.  The facts, as set forth in the Agreement, are as follows.

## I.

On March 20, 2021, Respondent was arrested after a physical altercation with his
girlfriend at a bowling alley.  Respondent, who had been drinking, approached his
girlfriend from behind, put his arms around her neck, pulled her backwards, and
pulled her hair.  A third party saw Respondent assault his girlfriend and intervened
by physically restraining and hitting Respondent.  Respondent was charged with
third-degree assault and battery.  Respondent self-reported the criminal charge to

ODC on March 29, 2021, and admitted himself into an inpatient treatment program in Florida for forty-five days. This Court subsequently placed Respondent on interim suspension. *In re DuPree*, 433 S.C. 240, 857 S.E.2d 792 (2021).

Following his release from inpatient treatment, Respondent contacted Lawyers Helping Lawyers and continued with outpatient treatment in Charleston three days per week. As part of his outpatient recovery program, Respondent voluntarily submitted to a breathalyzer test every morning and evening. He also attends Alcoholics Anonymous meetings.

The Attorney General's Office referred Respondent to the Dorchester County pretrial intervention program on July 12, 2021. On September 2, 2021, after completion of the program, the solicitor nolle prossed Respondent's criminal charge, and the circuit court subsequently entered an order for destruction of the related arrest records.

Respondent admits his conduct violated Rule 8.4(b), RPC, Rule 407, SCACR (prohibiting criminal acts that reflect adversely on a lawyer's fitness to practice law). Respondent further admits his conduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (prohibiting violations of the Rules of Professional Conduct), and Rule 7(a)(5) (prohibiting conduct demonstrating an unfitness to practice law). Respondent agrees to the imposition of a definite suspension of six to nine months and agrees to pay costs. Respondent also agrees that upon reinstatement, he will comply with a three-year monitoring contract with Lawyers Helping Lawyers and ensure, for a period of three years, that quarterly reports by his treating physician are submitted to the Commission on Lawyer Conduct addressing Respondent's diagnosis, treatment compliance, and prognosis.

## II.

We accept the Agreement and suspend Respondent from the practice of law in this state for a period of nine months, retroactive to April 16, 2021, the date he was placed on interim suspension. Within thirty days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct. Upon reinstatement, should it be granted, Respondent shall enter into and comply with a three-year monitoring contract with Lawyers Helping Lawyers and ensure quarterly reports by Respondent's treating physician are filed with the Commission on Lawyer

Conduct regarding Respondent's diagnosis, treatment compliance, and prognosis, for a period of three years.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**